UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KAREN S. CAMPBELL, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 1:24-cv-00144 |
| v. | ) |
| FRANK BISIGNANO[1], | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) [DE 21] filed by the Ann M. Trzynka, counsel for the plaintiff, Karen S. Campbell, on August 26, 2025. Defendant filed a Response [DE 24] indicating that the Agency neither agreed nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the following reasons, the Motion [DE 21] is **GRANTED**.

*Background*

Plaintiff Karen S. Campbell filed an application for Social Security Disability and benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, alleging a disability onset date of June 2019. [DE 22-1]. The Agency denied Plaintiff's claims in a "Recommended Decision" on February 3, 2023. Plaintiff requested a final decision from the

---

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Appeals Council on March 1, 2024, making the ALJ's decision the final Agency decision. [DE 1]. Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on April 9, 2024.

The court granted the parties' Joint Motion to Remand [DE 11] on June 26, 2024. [DE 12]. Following this court's remand, an ALJ approved Plaintiff's claim for Disability Insurance benefits. [DE 22-1]. The Social Security Administration issued a Notice of Award letter dated July 22, 2025. Plaintiff was awarded past-due benefits in the amount of $93,817.00. [DE 22-1]. Plaintiff agreed to pay Attorney Trzynka 25% of all past-due benefits awarded to her and any beneficiaries by the Administration. [DE 22-1].

Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") in July of 2024. [DE 14]. Defendant filed a Response [DE 18] indicating that it does not object. On August 6, 2024, the court granted the request and awarded Plaintiff $2,312.40 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 19]. In total, Plaintiff's counsel has received $2,312.40 in attorney fees under 28 U.S.C. § 2412. *Id.*

Attorney Trzynka asks the court to authorize an award of attorney fees in the total amount of $8,454.25 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five

percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Trzynka requests an attorney fee in the amount of $8,454.25. Attorney Trzynka contends that the requested fee award is reasonable for the 9.4 hours of legal work she spent representing Plaintiff in federal court. [DE 22]. Attorney Trzynka's total requested fee amounts to an hourly rate of $246.00 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Owsley v. Astrue*, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Hill v. Comm'r of Soc. Sec.*, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Plaintiff filed a Notice [DE 23] acknowledging that Attorney Trzynka may keep the $2,312.40 EAJA award that she received in partial satisfaction of any § 406(b) award, making the

remaining balance owed to Attorney Trzynka $6,141.85.

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 21] and **AWARDS** fees to Attorney Ann M. Trzynka in the total amount of $8,454.25. The court **ORDERS** Attorney Trzynka to keep the previously received $2,312.40 and **AWARDS** Attorney Trzynka $6,141.85.

ENTERED this 15th day of September, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge